UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SALVADOR RIVAS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:18-CV-01037 |
| § | |
| U.S. BANK NATIONAL ASSOCIATION AS § | |
| TRUSTEE FOR MASTR ASSET BACKED § | |
| SECURITIES TRUST 2007-HE2, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER OF DISMISSAL

Pending before the Court is the defendants', U.S. Bank National Association, as Trustee for Mastr Asset Backed Securities Trust 2007-HE2, ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, the "defendants"), motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 15). The plaintiffs, Salvador Rivas ("Rivas") and Alma Santiago ("Santiago") (collectively, the "plaintiffs"), have failed to file a response to the defendants' motion to dismiss and the time for doing so has long expired. Thus, pursuant to this Court's local rules, the plaintiffs' "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex L.R. 7.4. After having carefully considered the motion, the pleadings, and the applicable law, the Court determines that the defendants' motion to dismiss should be **GRANTED**.

In making this determination, the Court is guided by the pleadings, its own records and other submissions on file, including certain property records on file in the Harris County

Appraisal District's Office,[1] which demonstrate that: (1) this is the third lawsuit that the plaintiffs have filed attempting to challenge the foreclosure sale of the real property located at 206 Viceroy Drive Houston, Texas 77034 in Harris County, Texas (the "Property"); (2) after the plaintiffs defaulted on their mortgage payment obligations, the defendants initiated steps to foreclose on the Property; (3) on August 26, 2011, Rivas together with Santiago, commenced an action in the 333rd Judicial District Court of Harris County, Texas, seeking to challenge U.S. Bank, as Trustee, and American Home Mortgage Servicing, Inc.'s ("AHMSI") authority to foreclose on the Property (the "First Suit"); (4) in the First Suit, the plaintiffs alleged that U.S. Bank and AHMSI lacked the authority to foreclose, failed to give proper notice of their foreclosure sale, failed to ensure that certain assignments relative to the Property were properly recorded and were not "holders" of the Note and/or Deed of Trust; (5) the First Suit was dismissed, with prejudice, on September 19, 2013; (6) on October 31, 2014, the plaintiffs filed another lawsuit in the 152nd Judicial District Court of Harris County, Texas, challenging the authority of U.S. Bank, as Trustee, and Ocwen, as successor in interest to AHSMI, to foreclose on the Property, alleging essentially the same claims as in their First Suit (the "Second Suit"); (7) the Second Suit was removed to this Court on November 12, 2014; (8) upon removal, the defendants moved to dismiss the plaintiffs' Second Suit; (9) on June 24, 2015, Magistrate Judge Frances Stacy issued a Memorandum and Recommendation recommending that the plaintiffs' claims be dismissed with prejudice on *res judicata* grounds; (10) on December 8, 2015, Judge

---

[1] Courts may "take judicial notice of documents in the public record . . . and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996)). Courts are also permitted to consider the public records of prior judicial proceedings when assessing an affirmative defense raised by a defendant in its motion to dismiss brought pursuant to Rule 12(b)(6). *See Clifton v. Warnaco, Inc.*, Nos. 94-10226, 94-10657, 1995 WL 295863, *6 at n.13 (5th Cir. 1995); *see also Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir. 1980) (affirming district court's *sua sponte* dismissal, on res judicata grounds, where both actions were brought before the same court, though the record was devoid of the complaint and the order of dismissal entered in the earlier proceeding).

Melinda Harmon entered an Opinion and Order adopting Magistrate Judge Stacy's Memorandum and Recommendation and dismissing the plaintiffs' claims on *res judicata* grounds in Case No.: 4:14-cv-03246, styled, *Salvador Rivas and Alma Santiago v. U.S. Bank Nat'l Ass'n as Trustee for Mastr Asset Backed Securities Trust 2007-HE2 et al.*; (11) a Final Judgment of Dismissal was entered on the same date; (12) unyielding, the plaintiffs again, on March 31, 2018, filed an action in the 55th Judicial District Court of Harris County, Texas against U.S. Bank and Ocwen alleging that the statute of limitations bars the defendants from foreclosing on the Property (the "Third Suit"); and (13) following the defendants' removal of the Third Suit to federal court, the defendants filed the instant motion to dismiss seeking a dismissal of the plaintiffs' Third Suit.

Indeed, the plaintiffs, in yet another insistent attempt, have initiated the current action now before this Court to further stall foreclosure proceedings and delay relinquishing possession of the Property, alleging that the statute of limitations to foreclose on the Property expired on May 15, 2015. The defendants move to dismiss the plaintiffs' Third Suit, asserting that the doctrine of *res judicata* bars the plaintiffs' claim. They further contend that even if the plaintiffs' claims were not barred, the plaintiffs have failed to state a claim upon which relief can be granted. This Court agrees.

"Claim preclusion or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055, 126 S. Ct. 1662, 164 L.Ed.2d 397 (2006) (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). The elements of claim preclusion, or *res judicata*, are as follows:

> (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a

> court of competent jurisdiction; (3) there has been a final judgment on the merits;
> and (4) the same claim or cause of action is involved in both suits.

*Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (citing *Test Masters*, 428 F.3d at 571; *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)). If all four of these elements are present, "claim preclusion prohibits [a litigant] from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis in original)).

Here, the parties in the First Suit, Second Suit and Third Suit are either identical or in privity with one another. *See Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 – 67 (5th Cir. 1990) (reasoning that privity may be found in three situations: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit."). Additionally, the prior judgment entered by Judge Harmon is certainly a judgment on the merits by a court of competent jurisdiction that the plaintiffs have never appealed. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (noting that a federal court's dismissal with prejudice is generally a final judgment on the merits for res judicata purposes)).

Moreover, although the "named" causes of action alleged in the First Suit, Second Suit and the present suit differ, they, nevertheless, are based on the same nucleus of operative facts relative to foreclosure of the Property and, thus, could have been raised in the prior suits. For these and other reasons, the Court is of the opinion that a dismissal of the instant civil action is warranted. *See Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) ("Under [the transactional

test], the critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts."); *see also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312 – 13 (5th Cir. 2004). Accordingly, it is, therefore, ORDERED that the defendants' motion to dismiss is **GRANTED** and the plaintiffs' Third Suit is hereby **DISMISSED with prejudice**.

Further, the plaintiffs are hereby admonished and directed to refrain from filing further lawsuits regarding this matter, as further litigation would be frivolous and **MAY RESULT IN SANCTIONS BEING IMPOSED**.

It is so **ORDERED**.

SIGNED on this 27th day of February, 2019.

_____
Kenneth M. Hoyt
United States District Judge